UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CLARK,

Plaintiff,

v.

GARY WAYNE MOORE, et al.,

Defendants.
______________________________/

Case No. 25-10149

F. Kay Behm
United States District Judge

**OPINION AND ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT AND COMPEL TENDER OF SETTLEMENT PROCEEDS (ECF No. 45)**

## I. PROCEDURAL HISTORY

On August 28, 2026, Plaintiff filed a motion to enforce the parties' settlement agreement and compel the tender of settlement proceeds. (ECF No. 45). Defendants' oppose the motion, asserting that if Plaintiff seeks to enforce the most recent version of the release agreement, then there has been no agreement by the parties. (ECF No. 46). Defendants also seek to compel Plaintiff and his counsel to sign their version of the release. *Id*. The court held a hearing on that matter on November 4, 2026. For the reasons set forth below, the motion is **DENIED**.

## I. FACTUAL BACKGROUND

This case involves auto negligence claims arising from a March 1, 2024 motor vehicle accident in which Plaintiff sustained injuries. (ECF No. 1-2). Pursuant to their efforts to resolve this matter through facilitation, Defendants Gary Wayne Moore and Safeway Moving Systems agreed to pay Plaintiff $50,000 to resolve Plaintiff's claims against them. The emails between the parties' counsel confirmed as follows:

**Benjamin Manson** <bsm@rothsteinlawgroup.com> Tue, Jun 30, 2026 at 1:09 PM
To: "Rhoads, Kerry" <krhoads@dmclaw.com>
Cc: Doug Dempsey <dougdemps@gmail.com>

Confirmed. Thanks to both of you.

Benjamin S. Manson, Esq.
Rothstein Law Group PLC
19068 W. Ten Mile Road
Southfield, MI 48075
Office: (248) 355-2048
Fax: (248) 355-2079

CONFIDENTIALITY NOTICE The contents of this message from Rothstein Law Group PLC may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

On Tue, Jun 30, 2026 at 1:08 PM Rhoads, Kerry <krhoads@dmclaw.com> wrote:

> Good afternoon. Thank you for the continued negotiations in this matter. This email should confirm that the defendants' final offer for a full and final resolution of this case including liens (potential or actual) is $50,000. If this is accepted, please confirm here and upon doing so, I will prepare a release of all claims and stipulated order for dismissal.
>
> (As an aside, please note that the payment of the IME/Deposition travel expenses is not included in this settlement figure and that payment was issued already).
>
> **Kerry Lynn Rhoads, Esquire**
> Principal
> 313-308-2046 Office
> 888-811-7144 Fax
> krhoads@dmclaw.com | Bio/vCard
> www.dmclaw.com

(ECF No. 45, Exhibit A, PageID.312). Defendants' counsel followed this email with a draft release agreement on July 8, 2026. (ECF No. 45, Exhibit B). On July 15, 2026, Plaintiff's counsel sent requested revisions. (ECF No. 45, Exhibit C). These revisions included striking the words "and counsel for the UNDERSIGNED" from certain provisions regarding liens (ECF No. 45, PageID.334, 337) and striking the following language from the proposed release:

> ~~The UNDERSIGNED understands that Medicare laws require me to pay any future medical expenses related to my injury which are Medicare covered expenses from the proceeds of this settlement. Therefore, I have allocated $________________ of my settlement proceeds to pay for my future medical expenses related to my injury including prescription drug expenses. I understand that I need to make appropriate arrangements to ensure that I will have funds to pay any future medical expenses and prescription drug expenses that may arise as a result of the injuries alleged even if the expense exceeds the allocated sum listed above.~~

(ECF No. 45, PageID.338-39). Additionally, Plaintiff's counsel proposed striking the following language:

> ~~For your protection, California law requires the following to appear on this form. Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.~~

(ECF No. 45, PageID.339). Finally, Plaintiff's counsel proposed that counsel's signature on the Medicare Addendum would be "approved as to form only." (ECF No. 45, PageID.343).

Defendant's counsel incorporated all of the changes suggested by Plaintiff's counsel except the provision found on PageID.338-39, which was amended as follows:

> The UNDERSIGNED understands that Medicare laws require me to pay any future medical expenses related to my injury which are Medicare covered expenses from the proceeds of this settlement. I understand that I need to make appropriate arrangements to ensure that I will have funds to pay any future medical expenses and prescription drug expenses that may arise as a result of the injuries alleged even if the expense exceeds the allocated sum listed above.
>
> I understand that it is my responsibility to self-administer my own account, to only pay for Medicare covered medical expenses from such account, and to maintain written documentation of amounts paid from such account.

(ECF No. 45, PageID.353). Plaintiff's counsel then proposed the following additional changes to the draft agreement:

> The UNDERSIGNED understands that Medicare laws require me to pay any future medical expenses related to my injury which are Medicare covered expenses from the proceeds of this settlement. I understand that I need to make appropriate arrangements to ensure that I will have funds to pay any future medical expenses and prescription drug expenses that may arise as a result of the injuries alleged ~~even if the expense exceeds the allocated sum listed above~~.
>
> ~~I understand that it is my responsibility to self-administer my own account, to only pay for Medicare covered medical expenses from such account, and to maintain written documentation of amounts paid from such account.~~

(ECF No. 45, PageID.367). Plaintiff's counsel also proposed to remove his law firm as one of the parties to the Medicare Addendum, although the defined term "Counsel" continues to appear throughout the Addendum. (ECF No. 45, PageID.369). Apparently, Defendant's counsel would not agree to these last proposed changes. (ECF No. 46, PageID.393). This motion followed.

## III. ANALYSIS

"Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645-46 (6th Cir. 2001). "Under Michigan law, a contract is formed upon offer and acceptance and a mutual assent or meeting of the minds on all essential terms." *Masco Cabinetry Middlefield,*

*LLC v. Cefla N. Am., Inc.*, 637 F. App'x 192, 197 (6th Cir. 2015) (citing *Kloian v. Domino's Pizza L.L.C.*, 733 N.W.2d 766, 770 (Mich. Ct. App. 2006)). Under Michigan law, the essential terms of a settlement agreement include, at minimum, "the parties to be bound, the amount agreed upon, and some form of consideration." *Allstate Ins. Co. v. Broe*, No. 290133, 2010 WL 2867962, at *3 (Mich. Ct. App. July 22, 2010). A settlement agreement may be binding even if there are minor details missing. *Stout Tool Corp. v. Kane*, No. 291996, 2009 WL 4984463, at *4 (Mich. Ct. App. Dec 22, 2009) ("[E]ven though defendants' counsel acknowledged that the parties still had to 'iron out the details,' uncertainty regarding more minor details does not preclude an enforceable agreement.") (citing *Nichols v. Seaks*, 295 N.W. 596 (Mich. 1941)). Determining whether there has been a meeting of the minds is "judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Innotext, Inc. v. Petra'Lex USA Inc.*, 694 F.3d 581, 588 (6th Cir. 2012) (quoting *Kamalnath v. Mercy Mem'l Hosp. Corp.*, 487 N.W.2d 499, 503 (Mich. Ct. App. 1992)). "The existence of a valid agreement is not diminished by the fact that the parties have yet to memorialize the agreement. When parties have agreed on the essential terms of the settlement, and all that remains is to memorialize the

agreement in writing, the parties are bound by the terms of the oral agreement." *RE/MAX Int'l*, 271 F.3d at 646.

A prior meeting of the minds is not undone by the decision of one party to back out of the last version, even if it is the most formal version, of a settlement agreement. *Remark, LLC v. Adell Broad. Corp.*, 702 F.3d 280, 283 (6th Cir. 2012) (citing *Scholnick's Importers–Clothiers, Inc. v. Lent*, 130 Mich. App. 104, 109 (1983)). The question is whether the parties reached agreement on the material terms of the contract/settlement. If they did, the later decision of one party not to sign a formal memorialization of that agreement does not by itself retroactively change the agreement already reached. *Id*. (citing *Scholnick's*, 130 Mich. App. at 109). On the other hand, if the written document contains any material term upon which agreement has not already been reached, there is no binding contract. *Northern Ins. Co. of New York v. B. Elliott, Ltd.*, 117 Mich. App. 308, 325-326 (1982). "Although a valid contract requires a meeting of the minds on essential terms, *Kamalnath*, 194 Mich. App at 548, it is permissible for a court to supply details of performance if the parties define the essential terms." *St. Paul of the Cross Passionist Retreat Ctr., Inc. v. SBA Towers III, LLC*, No. 318325, 2015 WL 213252, at *2 (Mich. Ct. App. Jan. 15, 2015) (citing *Nichols v. Seaks*, 296 Mich.

154, 159 (1941)); *see also Wessel v. Wessel*, No. 312653, 2014 WL 325237, at *1 (Mich. Ct. App. Jan. 28, 2014) ("The e-mails contained all of the material terms, but even if any details were missing, the probate court had the authority to supply any missing non-material details.").

Plaintiff maintains that contract formation is "unassailable" because the parties explicitly confirmed in writing the offer and acceptance of $50,000.00 in consideration for the dismissal of the case and in exchange for a release. Plaintiff maintains that he has agreed to sign a reasonable release and the revisions he offers are reasonable, necessary, and customary. Defendants point out that the settlement offer called for a payment of $50,000 in exchange for a "full and final resolution of this case including liens (potential or actual)." On one hand, Defendants argue that Plaintiff must be ordered to comply with the settlement agreement, his Medicare recipient obligations, and he must address liens, actual or otherwise. On the other hand, Defendants say that if Plaintiff seeks to enforce the latest version of the release, "there has been no agreement by the parties." (ECF No. 46, PageID.375).

As explained in *Villare v. Geico Cas. Co.*, No. CIV.A. 14-2288, 2015 WL 1312386, at *3 (E.D. Pa. Mar. 24, 2015), Medicare regulations specify that a

beneficiary must reimburse Medicare if he is covered by liability insurance and receives a liability insurance payment for medical services that Medicare covered. 42 C.F.R. § 411.24(h). Moreover, if the beneficiary fails to do so, the insurance company must reimburse Medicare, even if it has already reimbursed the beneficiary for the same claim. *Id.* (citing § 411.24(i)(1)). This is presumably why the parties included an indemnification provision regarding the Medicare Secondary Payer Statute in their draft release agreement.

A provision in a settlement agreement regarding a Medicare lien is not an incidental part of the agreement; rather, it is material. *Hoey v. Sunrise Senior Living Mgmt., Inc.*, No. 11-CV-13740, 2013 WL 773014, at *2 (E.D. Mich. Feb. 28, 2013). Other courts concur. *See e.g.*, *Davis v. American Standard Ins. Co. of Wis.*, No. 2:15-cv-4136, 2015 WL 6742120, at *2-4 (W.D. Mo. Nov. 2, 2015) (explaining that terms regarding, *inter alia*, payment of Medicare liens, Medicare reporting forms and verifications, and indemnification qualify as material, "essential" terms, "not simply minor details," and observing that "terms involving the handling of Medicaid liens and the like cannot be perfunctory and non-essential ones in view of [a case upon which the plaintiff relied], particularly not where, as here, the insurance

company sought to add the term that payment of unspecified liens in an unspecified amount would be made from the $10,580 the insurance company had agreed to pay [the plaintiff]”); *Bone v. Univ. of N. Carolina Health Care Sys.*, No. 1:18CV994, 2022 WL 1444406, at *7 (M.D.N.C. May 6, 2022) (Defendant sought to introduce new terms into the parties’ settlement agreement to ensure compliance with the Medicare Secondary Payer Act, which the court deemed “material”).

Here, while the parties included a term to resolve all liens, actual or potential in the terms of their purported settlement agreement, neither party specified how the Medicare lien, which involves material terms, would be addressed in the release agreement. In the court’s view, without more specific terms in the purported settlement agreement as to how they would resolve the Medicare lien issue, the court cannot supply these material terms. These are not non-material details of performance that the court can simply supply. *See St. Paul of the Cross*, 2015 WL 213252, at *2; *Wessel v. Wessel*, 2014 WL 325237, at *1. Rather, here, the written documents the parties have exchanged include material terms regarding the Medicare lien on which the parties have apparently not agreed and thus, there is no enforceable agreement. *Northern Ins. Co.*, 117 Mich. App. at 325–326.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to enforce the settlement agreement is **DENIED**.

**SO ORDERED.**

Dated: November 6, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge